Cliff Weingus, State Bar No. 96671
McTernan, Stender & Weingus
595 Market Street, Suite 1350
San Francisco CA 94105-2199
415-777-0313; Fax: 415-777-9380
cweingus@mcternanlaw.com

Jeffrey A. Haas, State Bar No. 61376
A Law Corporation
PO Box 370419
Montara CA 94037
650-728-1200; Fax: 650-728-8469
jahaasalc@comcast.net

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

--o0o--

| | |
|---|---|
| JAMES JONTE<br><br>    Plaintiff,<br><br>  vs.<br><br>FLOORTOWN, INC.<br>    Defendant.<br>_____/ | NO.<br><br>**COMPLAINT FOR DAMAGES AND REINSTATEMENT**<br><br>[JURY TRIAL DEMANDED] |

Plaintiff, James Jonte, respectfully alleges:

1. Plaintiff, James Jonte, is a citizen of the United States and a resident of Lake County, California.

2. Defendant, Floortown, Inc., is a corporation organized and existing under the laws of the State of California and doing business in Lake County, California, within the Northern District of California.

**JURISDICTION AND VENUE**

3. The subject matter jurisdiction of this Court over this claim exists pursuant to 38 U.S.C. section 4323(b)(3) and 28 U.S.C. section 1331(a), in that this action arises under the laws of the United States, including the Uniformed Services Employment and Re-

Complaint for Damages and Reinstatement                               -1-

1  Employment Rights Act of 1994 ("USERRA"), 38 U.S.C. sections 4301,
2  *et seq.* The supplemental jurisdiction of this court is requested
3  over the second, third and fourth causes of action, pursuant to 28
4  U.S.C. section 1367(a), in that they are so related to the claims
5  over which this court has original jurisdiction that they form part
6  of the same case or controversy under Article III of the United
7  States Constitution.

8      4. Venue is proper pursuant to 38 U.S.C. section 4323(c)(2)
9  in that defendant maintains a place of business within this
10 district. Venue is further proper pursuant to 28 U.S.C. section
11 1391 (b) and(c) because defendant is subject to personal
12 jurisdiction in this district and a substantial part of the events
13 and/or omissions giving rise to this claim occurred within this
14 district.

**GENERAL ALLEGATIONS**

16     5. On or about July 12, 1993, plaintiff began working for
17 defendant as a floor covering installer.

18     6. On or about August 19, 2005, plaintiff joined the Army
19 National Guard. Shortly thereafter he informed defendant's
20 president, Daniel Bowen ("Bowen") about this fact. Soon
21 thereafter, plaintiff learned that Bowen had stated that
22 plaintiff's decision would conflict with his company and the
23 scheduling of jobs, and that plaintiff would be fired.

24     7. In response thereto, plaintiff contacted his recruiter,
25 who then left information for Bowen regarding Employee and Employer
26 Rights for the Guard and Reserve. The following day, Bowen called
27 plaintiff into his office and told him he had read the materials.
28 He stated that he was not going to have the military dictate to him

Complaint for Damages and Reinstatement     -2-

how to run his business, that plaintiff could not use the military to keep his job and that he could get fired for other things.

8.  On or about April 23, 2007, plaintiff received deployment orders for Iraq and so advised Bowen.  He left for deployment on or about May 10, 2007.

9.  While on mobilization, plaintiff sustained an injury, on or about June 8, 2007, and was sent home on or about June 27, 2007, with a torn tendon in his left elbow.

10.  Thereafter, plaintiff returned to work for defendant during July 2007 and, based on his injury, requested light duty work because of difficulty he had with lifting and pulling heavy objects.  Defendant refused to provide him with such work.  Plaintiff therefore worked with defendant without restrictions, suffering significant pain associated with the heavy nature of the work.

11.  On or about July 27, 2007, plaintiff sought medical attention.  The physician he saw at that time told plaintiff that he could do no more than light duty work and was not to lift or pull heavy objects.  Plaintiff reported this to Bowen, telling him that he could not lift or move furniture.  Nevertheless, Bowen refused to give him light duty work and continued to send plaintiff out on jobs which required him to lift or move furniture.  As a result, plaintiff's condition worsened.

12.  On or about August 14, 2007, plaintiff was informed by his doctor that he needed to go on a medical leave of absence that would require three to six months of healing and that he should go on state disability.  Plaintiff brought his paperwork in to Bowen that day and commenced his leave.

13. In or about early December 2007, plaintiff's June 2007 injury was officially approved by the military as having occurred in the line of duty. Based thereon, plaintiff submitted paperwork to defendant so that he could be given Incapacitation Pay for his period of disability from work between August and December 2007. This would have supplemented his state disability benefits so as to entitle him to full compensation from the State for time missed from work due to his service related disability. When defendant completed the paperwork and it was returned to plaintiff, plaintiff noticed that defendant had incorrectly documented his lost wages at a lower rate of pay, and that he had identified plaintiff as a "former employee" for the August to December 2007 time period.

14. Based thereon, on or about December 27, 2007, plaintiff contacted Bowen to inquire as to this information. Bowen responded by telling plaintiff that, as far as he was concerned, the last day of plaintiff's employment had been the last day he physically worked at Floortown, in August 2007. At no time prior to December 27, 2007, had defendant informed plaintiff that it had terminated his employment. During the same conversation, Bowen again stated that the military was not going to tell him how to run his company. He also accused plaintiff of having turned him in to the California Labor Commissioner for failing to pay overtime, approximately four years earlier.

15. Plaintiff is informed and believes that while he was on deployment, defendant gave a raise to other employees which he did not give to plaintiff when he returned from deployment.

Complaint for Damages and Reinstatement                                              -4-

**FIRST CAUSE OF ACTION**
**(Violation of USERRA)**

16. Plaintiff incorporates herein, as though fully set forth, the allegations of paragraphs 1-15, above.

17. Pursuant to 38 U.S.C. section 4312, plaintiff was entitled to reinstatement with defendant upon his return from active duty. Pursuant to 38 U.S.C. section 4313, defendant was required to accommodate plaintiff's service related disability. Pursuant to 20 C.F.R.1002.191-199, plaintiff was entitled to a pay increase that he would have obtained had he not been deployed.

18. Defendant wrongfully refused to accommodate plaintiff by first refusing to provide him with light duty work and then by subsequently appearing to grant him disability leave, but then terminating him while he was on leave.

19. Defendant unlawfully retaliated against plaintiff for his uniformed service, by refusing to accommodate plaintiff and by subsequently terminating him.

20. Defendant unlawfully failed to pay plaintiff wages to which he was entitled by refusing to pay him a pay increase that he otherwise would have received had he not been deployed.

21. As a direct and proximate result of the foregoing conduct, plaintiff has sustained and will continue to sustain a loss of earnings and benefits in an amount to be ascertained.

22. As a further direct and proximate result of the foregoing conduct, plaintiff has sustained physical and emotional distress in an amount according to proof.

23. In engaging in the foregoing conduct, defendant's conduct was willful, and plaintiff is therefore entitled to an award of

1 liquidated damages equal to damages pursuant to paragraph 22, above.

24. By virtue of defendant's conduct, plaintiff was required to retain counsel to vindicate his rights. Accordingly, plaintiff is entitled an award of attorneys' fees.

25. Plaintiff is entitled to reinstatement to his position with all rights and benefits that he would have obtained had he not been deployed and subsequently terminated.

WHEREFORE, plaintiff prays judgment as set forth below.

**SECOND CAUSE OF ACTION**
**(Violation of Military and Veterans Code Sections 394, et seq.)**

26. Plaintiff incorporates herein, as though fully set forth, the allegations of paragraphs 1-25, above.

27. In engaging in the above-described conduct, defendant violated the provisions of California Military and Veterans Code sections 394(a), (b), (c) and 395.06(a).

28. As a direct and proximate result of the foregoing conduct, plaintiff has sustained and will continue to sustain a loss of earnings and benefits in an amount to be ascertained.

29. As a further direct and proximate result of the foregoing conduct, plaintiff has sustained physical and emotional distress in an amount according to proof.

30. In engaging in the foregoing conduct, defendant's conduct was fraudulent, malicious and oppressive, and plaintiff is therefore entitled to an award of punitive damages in an amount according to proof.

31. By virtue of defendant's conduct, plaintiff was required to retain counsel to vindicate his rights. Accordingly, plaintiff

1  is entitled an award of attorneys' fees, pursuant to Military and
2  Veterans Code section 394(g).
3      32.  Plaintiff is entitled to reinstatement to his position
4  with all rights and benefits that he would have obtained had he not
5  been deployed and subsequently terminated.
6      WHEREFORE, plaintiff prays judgment as set forth below.

### THIRD CAUSE OF ACTION
### (Violation of California Fair Employment and Housing Act)

9   33. Plaintiff incorporates herein, as though fully set forth,
10  the allegations of paragraphs 1-32, above.
11      34.  Upon return from deployment, plaintiff was a person with
12  a physical disability and was regarded by defendant as a person
13  with a physical disability which limited major life activities as
14  defined by California Government Code section 12926.
15      35.  Defendant terminated plaintiff while he was on medical
16  leave seeking treatment for his physical disability, on account of
17  his physical disability, and/or on account of its perception that
18  he had a physical disability.
19      36.  In addition, defendant failed and refused to grant
20  plaintiff a reasonable accommodation of his disability, including
21  failing to provide him light duty work and subsequently terminating
22  him while he was on medical leave.
23      37.  As a direct and proximate result of the foregoing
24  conduct, plaintiff has sustained and will continue to sustain a
25  loss of earnings and benefits in an amount to be ascertained.
26      38.  As a further direct and proximate result of the foregoing
27  conduct, plaintiff has sustained physical and emotional distress in
28  an amount according to proof.

Complaint for Damages and Reinstatement                           -7-

39. In engaging in the foregoing conduct, defendant's conduct was fraudulent, malicious and oppressive, and plaintiff is therefore entitled to an award of punitive damages in an amount according to proof.

40. By virtue of defendant's conduct, plaintiff was required to retain counsel to vindicate his rights. Accordingly, plaintiff is entitled an award of attorneys' fees.

41. Plaintiff filed an administrative claim with the California Department of Fair Employment and Housing and received his Right to Sue notice from the Department and is properly before this court.

WHEREFORE, plaintiff prays judgment as set forth below.

### FOURTH CAUSE OF ACTION
### (Violation of California Labor Code Section 98.6)

42. Plaintiff incorporates herein, as though fully set forth, the allegations of paragraphs 1-41, above.

43. In terminating plaintiff because he had filed a claim for unpaid overtime, defendant violated California Labor Code section 98.6.

44. As a direct and proximate result of the foregoing conduct, plaintiff has sustained and will continue to sustain a loss of earnings and benefits in an amount to be ascertained.

45. As a further direct and proximate result of the foregoing conduct, plaintiff has sustained physical and emotional distress in an amount according to proof.

46. In engaging in the foregoing conduct, defendant's conduct was fraudulent, malicious and oppressive, and plaintiff is

1 therefore entitled to an award of punitive damages in an amount
2 according to proof.
3   47.  By virtue of defendant's conduct, plaintiff was required
4 to retain counsel to vindicate his rights.  Accordingly, plaintiff
5 is entitled an award of attorneys' fees.
6   48.  Plaintiff is entitled to reinstatement to his position
7 with all rights and benefits that he would have obtained had he not
8 been deployed and subsequently terminated.
9   WHEREFORE, plaintiff prays judgment as follows:
10   1.   For reinstatement to employment at a wage rate and with
11 all benefits to which plaintiff would have been entitled had he not
12 been deployed;
13   2.   For economic damages, including lost wages and benefits,
14 in an amount according to proof;
15   3.   For non-economic damages, including for pain and
16 suffering, in an amount according to proof;
17   4.   For punitive damages;
18   5.   For reasonable attorneys fees;
19   6.   For costs of suit;
20   7.   For Pre-judgment interest, if and to the extent allowed
21 by law; and
22   8.   For such other and further damages as the court deems
23 just and proper.

**JURY DEMAND**

Plaintiff hereby demands a jury trial in this action.

Dated: July 25, 2008                McTERNAN, STENDER & WEINGUS
                                    JEFFREY A. HAAS LAW CORPORATION

                                    By _____
                                       Cliff Weingus
                                       Attorneys for Plaintiff

Complaint for Damages and Reinstatement                        -9-