Mike Ewing, Esq. (CSBN 98143)
EWING & ASSOCIATES
995 South Main Street
P.O. Box 400
Lakeport, CA 95453
Telephone: (707)263-6400
Facsimile:  (707)263-7047
ewing@lakeportlawyers.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JONTE,<br>　　　　　Plaintiff,<br>　　vs.<br>FLOORTOWN, INC.,<br>　　　　　Defendant.<br>_____ | Case No. CV 08 3587<br>**ANSWER TO COMPLAINT**<br>**[JURY TRIAL DEMANDED]** |

　　　AS AND FOR AN ANSWER, by defendant FLOORTOWN, INC., to the Complaint for Damages and Reinstatement, admissions, denials, and allegations are made as follows:

　　　1.　Defendant admits the allegations of paragraph 1.

　　　2.　Defendant admits the allegations of paragraph 2.

　　　3.　Defendant admits the jurisdiction and venue allegations of paragraph 3 except that defendant denies that the fourth cause of action is part of the same case or controversy for purposes of supplemental jurisdiction.

　　　4.　Defendant admits the allegations of paragraph 4.

　　　5. Defendant denies the allegations of paragraph 5 but admits and alleges that plaintiff began working for Daniel Bowen as a floor installer on or about July 12, 1993 and that Bowen was doing business at that time under the name Dan's Flooring, and that beginning about March 2000 Bowen began using the fictitious business name of Floortown and that Plaintiff worked for Floortown, and that Floortown incorporated

1  in June 2003 and that plaintiff continued to work for that corporation, defendant
2  herein, as a floor covering installer.
3      6. Defendant denies for lack of information and belief that portion of paragraph
4  6 beginning with the word "On" on line 18 and ending with the word "Guard" on line
5  19 and denies the portion of paragraph 6 beginning with the word "Soon" on line 20
6  and ending with the word "fired" on line 23.
7      7. Defendant denies for lack of information and belief that portion of paragraph
8  7 beginning with the word "In" on line 24 and ending with word "recruiter" on line 24,
9  and denies that portion of paragraph 7 beginning with the word "He" on line 28 and
10 ending with the word "things" on line 2 of page 3.  As a further answer to paragraph
11 7, defendant admits and alleges that plaintiff left information for Bowen regarding
12 employee and employer rights for the guard and reserve and denies that the recruiter
13 left said information for Bowen.
14     8.  Defendant denies for lack of information and belief those portions of
15 paragraph 8 beginning with the word "On" on line 3 and ending with the word "Iraq"
16 on line 4 and beginning again with the "He" on line 4 and ending with the date "May
17 10, 2007" on line 5.
18     9. Defendant denies the allegations of paragraph 9 for lack of information and
19 belief.
20     10. Defendant admits that plaintiff returned to work for defendant during July
21 2007, and alleges that the first day of work was July 3 2007.  Defendant denies that
22 plaintiff then requested light duty work and denies that defendant said he had any
23 difficulty with lifting and pulling heavy objects.  Defendant denies there was any
24 request for light duty work and accordingly denies that he refused to provide plaintiff
25 with light duty work, because no request was made for it.  Defendant admits that
26 plaintiff worked for defendant without restrictions up to July 27, 2007 and alleges that
27 defendant knew of no restrictions up to that date.  Defendant denies for lack of
28 information and belief that portion of paragraph 10 beginning with the word

1  "suffering" on line 14 and ending with the word "work" on line 15.

2  11.  Defendant denies for lack of information and belief that portion of paragraph 11 beginning with the word "On" on line 16 and ending with the word "objects" on line 19, and denies that portion of paragraph 11 beginning with the word "Nevertheless" on line 20 and ending with the word "worsened" on line 23.

12.  Defendant denies for lack of information and belief that portion of paragraph 12 beginning with the word "On" on line 24 and ending with the word "disability" on line 27.  Defendant admits that a few days after August 10, 2007, which date on information and belief was August 14, 2007, plaintiff brought in to Bowen certain medical paperwork. Defendant denies for lack of information and belief that portion of paragraph 12 on line 29 reading "and commenced his leave.".

13.  Defendant denies for lack of information and belief those portions of paragraph 13 beginning with the word "In" on line 1 and ending with the word "thereon" on line 3, and beginning again with the word "This" on line 6 and ending with the word "disability" on line 8.  As to the portion of paragraph 13 beginning with the word "When" on line 8 and ending with the word "period" on line 12, defendant admits that it identified plaintiff as a former employee for the August to December 2007 time period, and denies that it incorrectly documented lost wages, and denies the portion of paragraph 13 as to what plaintiff noticed about the paperwork for lack of information and belief.

14.  Defendant admits that on or about December 27, 2007 plaintiff contacted Bowen to inquire as to the information defendant had put on the Incapacitation Pay paperwork.  Defendant admits that Bowen told plaintiff that plaintiff was listed as a former employee because plaintiff had been laid off on August 10, 2007 and plaintiff had not contacted Bowen in the time since to say that he was able or willing to come back to work.  Defendant admits that it never informed plaintiff that it had terminated plaintiff's employment but alleges that on August 10, 2007, defendant laid plaintiff off from work due to lack of work. Except as expressly admitted, defendant denies each

and every remaining allegation of paragraph 14.

15. Defendant admits the allegations of paragraph 15, and for a further answer alleges that other employees were junior employees and that plaintiff was not entitled to any pay raise because he was at the top of his pay scale, whereas the junior employees were not.

## ANSWER TO FIRST CAUSE OF ACTION

16. Defendant incorporates by reference as if fully set forth herein the answer to paragraphs 1 through 15 above.

17. Defendant admits the allegations of paragraph 17 in the sense that the specified code sections and rules contain language which pertains to persons in the military in general. As to plaintiff defendant denies the allegations of paragraph 17 on the grounds that they call for conclusions of law.

18. Defendant denies the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

## ANSWER TO SECOND CAUSE OF ACTION

26. Defendant incorporates by reference as if fully set forth herein the answer to paragraphs 1 through 25. above.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

## ANSWER TO THIRD CAUSE OF ACTION

33. Defendant incorporates by reference as if fully set forth herein the answer to paragraphs 1 through 32 above.

34. Defendant denies for lack of information and belief that portion of paragraph 34 beginning with the word "Upon" on line 11 and ending with the word "disability" on line 12, and denies the remaining allegations of paragraph 34.

35. Defendant denies the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41 for lack of information and belief.

## ANSWER TO FOURTH CAUSE OF ACTION

42. Defendant incorporates by reference as if fully set forth herein the answer to paragraphs 1 through 41 above.

43. Defendant denies the allegations of paragraph 43 and further denies that defendant terminated plaintiff for any reason or at all, and alleges that defendant laid plaintiff off for lack of work on August 10, 2007.

44. Defendant denies the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46.

47. Defendant denies the allegations of paragraph 47.

48. Defendant denies the allegations of paragraph 48.

AS AND FOR FURTHER, SEPARATE, AND AFFIRMATIVE DEFENSES to the Complaint and each cause of action therein, defendant alleges as follows:

1. The Complaint fails to state facts sufficient to constitute a cause of action.

2. Plaintiff has failed to mitigate damages.

3. Plaintiff's action is barred by the doctrine of waiver and plaintiff is estopped to maintain this action for reasons including plaintiff's refusal of work if it was available, as offered by defendant in December, 2007.

4. The Complaint and each cause of action therein is barred by the doctrine of unclean hands.

WHEREFORE, defendant prays for judgment that plaintiff take nothing by way of the Complaint and for costs of suit and attorney fees if allowed by applicable law, and for such other and further relief as the court may consider appropriate in the circumstances.

## **JURY DEMAND**

Defendant hereby demands a jury trial in this action.


EWING & ASSOCIATES

DATED:   September 5, 2008          By:_____/S/_____
                                        Mike Ewing, Attorney for Defendant
                                        FLOORTOWN, INC.